Winona RUBIN, Director of Department of Human Services, State of Hawaii, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

No. 89–16358.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 1990.*

Decided March 25, 1991.

Thomas D. Farrell, Deputy Atty. Gen., Honolulu, Hawaii, for plaintiff-appellant.

Joseph Stein, Asst. Regional Counsel, Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before SKOPIL, BEEZER and FERNANDEZ, Circuit Judges.

BEEZER, Circuit Judge:

Hawaii provides free no-fault automobile insurance to all public assistance recipients. The Secretary of Health and Human Services (Secretary) ruled that Hawaii's free, no-fault program violates section 1903(*o*) of the Social Security Act because it excludes medical coverage for welfare recipi-

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 34–4.

ents and thus places Medicaid in the role of primary payer. The result of the Secretary's ruling was that Hawaii was denied certain federal matching funds.

The Director of the Department of Human Services, State of Hawaii (Director) filed for declaratory and injunctive relief seeking judicial review of the Secretary's ruling. The district court denied the Director's request for relief and motion for summary judgment, and affirmed the Secretary's ruling. 720 F.Supp. 840 (1989). We affirm.

## I

The facts are undisputed. Hawaii requires that all motor vehicles be covered by a no-fault insurance policy. The policy must provide minimum coverages of $15,-000 general no-fault (including medical), $35,000 liability, and $10,000 property damage. *See* Haw.Rev.Stat. § 431:10C–103 (1989 Supp.); Haw.Rev.Stat. § 431.10C–301 (1987 Special Pamphlet).

Due to a concern that welfare recipients will not purchase automobile insurance, Hawaii requires insurers to provide free, no-fault automobile insurance policies to all licensed Hawaii drivers receiving public assistance. Haw.Rev.Stat. § 431:10C–407 (1987 Special Pamphlet). The free, no-fault program, however, excludes welfare recipients from receiving any medical coverage under a free no-fault policy. Haw.Rev. Stat. § 431:10C–103(10)(A) (1989 Supp.).

Title XIX of the Social Security Act (ACT), 42 U.S.C. § 1396 *et seq.* (1988), establishes a federal-state program known as "Medicaid" to enable states to provide medical assistance to low-income individuals. In 1977, Congress amended the Act through the Medicare–Medicaid Antifraud and Abuse Amendments (Amendments), Pub.L. No. 95–142, 91 Stat. 1175 (1977). Section 1903(*o*) of the Amendments provides:

Notwithstanding the preceding provisions of this section, no payment shall be made to a State ... for expenditures for medical assistance provided for an individual under its State plan approved under this subchapter to the extent that a private insurer ... would have been obligated to provide such assistance but for a provision of its insurance contract which has the effect of limiting or excluding such obligation because the individual is eligible for or is provided medical assistance under the plan.

42 U.S.C. § 1396b(*o*) (1988).

In March 1985, the United States General Accounting Office reviewed Hawaii's Medicaid program and concluded that Hawaii's insurance program placed Medicaid in the role of primary payer in violation of section 1903(*o*) of the Act. The Health Care Financing Administration (HCFA), which is responsible for ensuring compliance with Medicaid legislation, instituted a review of Hawaii's Medicaid program.

The particular claim underlying this declaratory relief action was reviewed and disallowed during the HCFA review. On May 2, 1981, a car driven by Queenie Kanakanue, a welfare recipient, was struck by a car driven by Eric Pule. The front seat passenger, Alice Bras, also a welfare recipient, was severely injured. As a welfare recipient, Ms. Bras was able to collect medical coverage only from Mr. Pule's insurance policy. Ms. Bras accumulated $14,000 of unpaid medical expenses that were covered by Medicaid. Settlement funds from a lawsuit initiated by Ms. Bras reduced the $14,000 amount to $5,897, of which $2,949 in matching funds were claimed by Hawaii.

HCFA found that the federal matching funds of $2,949 were claimed in violation of § 1903(*o*) and sought repayment. HCFA also requested that Hawaii identify any similar claims and refund any improper payments. On March 14, 1988, the Regional Administrator of HCFA notified Hawaii that the $2,949 would be disallowed. Hawaii appealed the disallowance to the Departmental Grant Appeals Board of the United States Department of Health and Human Services (Appeals Board or Board).[1]

---

1. The Appeals Board is responsible for hearing and deciding a State's request for reconsideration of a disallowance of federal funding. A decision by the Appeals Board is a final admin-

On September 1, 1988, the Appeals Board issued a ruling upholding the disallowance.

On October 14, 1988, the Director filed a declaratory relief action seeking judicial review of the Board's disallowance ruling. The district court denied the Director's requested declaratory relief and the Director's motion for summary judgment. The district court affirmed the Board's ruling and granted summary judgment in favor of the Secretary. The Director timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

■■■■ A grant of summary judgment is reviewed *de novo*. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986). We must determine "whether any genuine issue of material fact remains for trial and whether the district court correctly applied the substantive law." *State of Washington, Department of Social Services v. Heckler*, 722 F.2d 1451, 1453 (9th Cir.1984). Judicial review of a ruling by the Appeals Board is limited to considering whether the Board committed a "clear error of judgment" and whether it considered the "relevant factors." *Id.*

The Director argues that section 1903(*o* ) is both silent and ambiguous as to whether it applies to Hawaii's free no-fault program. The Director's position is not persuasive. Although section 1903(*o* ) is silent about whether it applies to Hawaii's free no-fault program, it is not ambiguous.

■■■ We interpret section 1903(*o* ) to prohibit provisions in insurance policies that deny medical coverage on the ground that an individual is a welfare recipient. There is no ambiguity in the language of section 1903(*o* ). If a person would have received medical coverage under an insurance plan but for the fact that he is a welfare recipient, the state cannot receive matching funds to cover that person's medical expenses.

■■■ No-fault automobile insurance policies in Hawaii must provide for medical coverage. Hawaii has, however, enacted a specific exception for its free no-fault policies that allows insurers to exclude medical welfare recipients from receiving medical coverage. The personal no-fault automobile insurance policy issued to Ms. Kanakanue under Hawaii's free no-fault plan contains a clause that states as follows:

A No-Fault policy issued to certified public assistance recipients at no cost under Hawaii Joint Underwriting Plan shall not include benefits under subparagraph a., b. and c. for any person receiving public assistance benefits.

Ms. Bras did not receive medical coverage under Ms. Kanakanue's free no-fault policy specifically because Ms. Bras was a welfare recipient. As a welfare recipient, she was excluded from receiving medical coverage by a specific provision in the policy.

The Director has failed to show that section 1903(*o* ) is ambiguous or that section 1903(*o* ) does not apply to Hawaii's free no-fault program. We therefore do not have to reach the question whether the Secretary's interpretation of section 1903(*o* ) is reasonable. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A. v. Natural Res. Def. Council*, 467 U.S. 837, 842–843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). As the Supreme Court has stated: "Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." *Badaracco v. Commissioner*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984).

Section 1903(*o* ) unambiguously prohibits provisions in insurance policies that deny medical coverage on the sole ground that an individual is a welfare recipient. The automobile insurance policies issued under Hawaii's free no-fault program specifically exclude welfare recipients from receiving medical coverage.[2] The district court,

---

istrative action on a matter. *See* 45 C.F.R. §§ 16.1–16.23 (1989).

2. We emphasize, lest there be any doubt, that this is not a case where medical insurance is simply not a part of free policies issued to

therefore, correctly affirmed the ruling of the Appeals Board.

AFFIRMED.

welfare recipient drivers. Medical insurance is part of the free no-fault policies, and only in-jured welfare recipients are excluded from coverage.